## MARTIN *v.* TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 170.  Submitted January 25, 1906.—Decided February 19, 1906.

While an accused person of African descent on trial in a state court is entitled under the Constitution of the United States to demand that in organizing the grand jury, and empanelling the petit jury, there shall be no exclusion of his race on account of race and color, such discrimination cannot be established by merely proving that no one of his race was on either of the juries ; and motions to quash, based on alleged discriminations of that nature, must be supported by evidence introduced or by an actual offer of proof in regard thereto. *Smith* v. *Mississippi,* 162 U. S. 592, 600, followed.

An accused person cannot of right demand a mixed jury some of which shall be of his race, nor is a jury of that kind guaranteed by the Fourteenth Amendment to any race.

THE facts are stated in the opinion.

*Mr. Watson E. Coleman, Mr. O. P. Easterwood* and *Mr. O. E. Smith* for plaintiff in error:

Whenever by any action of a State, whether through its legislature, courts, executive or administrative officers, all persons of the African race are excluded, solely because of race and color, from serving as grand jurors in the criminal prosecution of a person of that race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment. *Carter v. Texas,* 177 U. S. 442; and see *Strauder* v. *West Virginia,* 100 U. S. 303; *Neal* v. *Delaware,* 103 U. S. 370; *Gibson* v. *Mississippi,* 162 U. S. 565; *Wood* v. *Brush,* 140 U. S. 278; *Rogers* v. *Alabama,* 192 U. S. 226.

*Mr. Robert V. Davidson,* Attorney Gen. of the State of Texas, *Mr. C. K. Bell* and *Mr. Claude Pollard* for defendant in error:

As the motions to quash were based on allegations of fact not in the record and controverted by the attorney for the State, they must be supported by evidence. *Smith* v. *Mississippi,* 162 U. S. 592, 601; *Williams* v. *Mississippi,* 170 U. S. 213; *Carter* v. *Texas,* 177 U. S. 442.

A motion to quash an indictment against a person of African descent on the ground that it was found by a grand jury from which persons of accused's race were excluded, because of their race, can be sustained only by evidence independent of the facts stated in the motion. *Smith* v. *Mississippi,* 162 U. S. 592; *Bush* v. *Kentucky,* 107 U. S. 110; *Ex parte Virginia,* 100 U. S. 313, 339; *Neal* v. *Delaware,* 103 U. S. 370.

Plaintiff in error is not entitled, as a matter of constitutional right, to have his race represented upon the grand jury that may indict, or the petit jury that may try, him. *Jugiro* v. *Brush,* 140 U. S. 291; *Wood* v. *Brush,* 140 U. S. 276.

Plaintiff in error should have presented the question for decision to the highest court of the State having jurisdiction of criminal cases; failing to do so, he can not have the adverse decision of the District Court of this State reviewed here. *In re Wood,* 140 U. S. 278; *Ewing* v. *Howard,* 7 Wall. 503.

Mr. Justice Harlan delivered the opinion of the court.

By an indictment returned in the District Court of Tarrant County, Texas, the plaintiff in error was charged with the crime of murder. Having been duly arraigned and pleaded not guilty, the accused (a negro) moved to quash the indictment, on the ground, stated in writing under oath, that all persons of the African race had been excluded from the grand jury, *because of their race*, although about one-fourth of the inhabitants of the county, competent under the law to act as grand jurors, were of that race. The facts upon which the motion was based were set out, and the accused, in the written motion, prayed that testimony be heard in support of its grounds. The State's attorney, in writing, denied such discrimination and offered to prove that only about one hundred and fifty persons of the African race in the county, as compared with twelve thousand whites, were competent under the law to act as grand jurors.

The accused then moved in writing, verified by his oath, to quash the panel of petit jurors, upon the ground that from the panel had been excluded all persons of the African race, *because of their race*, although about one-fourth of the persons in the county competent under the law to serve as jurors were of that race. The facts set out in that motion were also denied in writing by the State's attorney.

Both motions were overruled by the court, the accused excepting. There was a verdict of guilty of murder in the first degree, and the accused was sentenced to suffer death. The judgment of conviction was affirmed in the Court of Criminal Appeals, the highest court of the State in which a decision of the case could be had. One of the assignments of error in that court was the overruling of the motion to quash the indictment, but no error was there assigned in respect of the overruling of the motion to quash the panel of petit jurors.

It is not contended that the constitution or laws of Texas authorized any discrimination, on account of race merely, in the selection of grand or petit jurors. Nor is it contended that

the prescribed qualifications for jurors were not appropriate in order to secure an impartial jury for the trial of an accused. Nevertheless, if upon the hearing of the written motion to quash the indictment, the facts stated in the motion had been established by affirmative proof, or if the trial court had refused to admit evidence to prove them, we should not hesitate to reverse the judgment. For, it is the settled doctrine of this court that "whenever by any action of a State, whether through its legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States." *Carter* v. *Texas,* 177 U. S. 442, 447; *Strauder* v. *West Virginia,* 100 U. S. 303; *Neal* v. *Delaware,* 103 U. S. 370, 397; *Gibson* v. *Mississippi,* 162 U. S. 565; *Rogers* v. *Alabama,* 192 U. S. 226, 231. So if, upon the hearing of the written motion to quash the panel of the petit jurors, facts stated in that motion had been proved, or if the opportunity to establish them by evidence had been denied to the accused, the judgment would be reversed.

But the record before us makes no such case. Although the accused in each of his written motions prayed the court to hear evidence thereon, it does not appear that he introduced any evidence whatever to prove discrimination against his race, because of their color, or made any actual offer of evidence in support of either motion. The reasonable inference from the record is that he did not offer any evidence on the charge of discrimination, but was content to rely simply on his verified written motions, although the facts stated in them were controverted by the State. The trial court, it must be assumed from the record, had nothing before it, when deciding the motions to quash, except the written motions and the written answers thereto. In *Charley Smith* v. *Mississippi,* 162 U. S. 592, 600, 601—which was a prosecution of a negro for the crime

of murder—it appeared that the accused, upon grounds stated in writing and similar to those assigned in this case, moved to quash the indictment.   He moved, also, upon similar grounds, in writing, to quash the panel of petit jurors.  Each motion was overruled.   This court said: "No evidence was offered in support of the motion by the accused to quash the indictment, unless the facts set out in the written motion to quash, verified 'to the best of his knowledge and belief,' can be regarded as evidence in support of the motion.   We are of opinion that it could not properly be so regarded.  .  .  .  The facts stated in the written motion to quash, although that motion was verified by the affidavit of the accused, could not be used as evidence to establish those facts, except with the consent of the state prosecutor or by order of the trial court.   No such consent was given.   No such order was made.   The grounds assigned for quashing the indictment should have been sustained by distinct evidence introduced or offered to be introduced by the accused.   He could not, of right, insist that the facts stated in the motion to quash should be taken as true simply because his motion was verified by his affidavit.   The motion to quash was, therefore, unsupported by any competent evidence; consequently, it cannot be held to have been erroneously denied." To the same effect were Tarrance v. Florida, 188 U. S. 519, 521, and Brownfield v. South Carolina, 189 U. S. 426, 428.  The present case cannot be distinguished from the Smith case; and we are unable to hold, upon this record, that it was error to overrule the motions to quash; for, as already stated, it does not appear that the facts stated in those motions were established by evidence, or that the accused, after filing his motions, made any separate offer to prove them by witnesses or was denied the opportunity to make such proof.

A different conclusion in this case would mean that, in a criminal prosecution of a negro for crime, an allegation of discrimination against the African race, because of their race, could be established by simply proving that no one of that race was on the grand jury that returned the indictment or on the

petit jury that tried the accused; whereas, a mixed jury, some of which shall be of the same race with the accused, cannot be demanded, as of right, in any case, nor is a jury of that character guaranteed by the Fourteenth Amendment. What an accused is entitled to demand, under the Constitution of the United States, is that in organizing the grand jury as well as in the empaneling of the petit jury, there shall be no exclusion of his race, and no discrimination against them, because of their race or color. *Virginia* v. *Rives*, 100 U. S. 313, 323; *In re Wood*, 140 U. S. 278, 285. Whether such discrimination was practiced in this case could have been manifested only by proof overcoming the denial on the part of the State of the facts set out in the written motions to quash. The absence of any such proof from the record in this case is fatal to the charge of the accused that his rights under the Fourteenth Amendment were violated.

*Judgment affirmed.*