**UNITED STATES ex rel. HASSELL v. MATHUES, U. S. Marshal.**

District Court, E. D. Pennsylvania. May 23, 1928.

No. M–141.

1. Criminal law ☞700—District and prosecuting attorneys ☞8—Grand jury ☞25—Prosecuting officers, committing magistrates, grand juries, and courts have duty of protecting persons from unfounded accusation.

Ordinarily it is the duty of prosecuting officers, committing magistrates, and especially of grand juries, and may become duty of court, to protect persons from unfounded accusation.

2. Criminal law ☞633(1)—Trial courts must protect persons from unjust conviction.

It is the duty of the trial court to protect persons from unjust conviction.

3. Habeas corpus ☞92(1)—Court determines whether relator should stand trial on petition for habeas corpus, not whether guilt has been proved with certainty justifying conviction.

On habeas corpus by person charged with crime, the question for the court in determining probable cause is whether relator should be called on to stand trial, not whether proof of his guilt has been established with that degree of certainty which would justify his conviction.

4. Habeas corpus ☞29—One protected from prosecution by limitations may be discharged on habeas corpus.

One charged with crime may be discharged on habeas corpus, where it clearly appears that he is protected by statute of limitations.

5. Criminal law ☞145½—Protection from prosecution under statute of limitation is substantive right.

The right of protection from prosecution under statute of limitation is not merely a procedural right, but is a substantive right.

6. Habeas corpus ☞3—Petitioner, claiming protection under statute of limitation, held not entitled to discharge, in view of question of law involved (18 USCA §§ 582, 584, 585).

Accused, claiming protection from prosecution under statutes of limitation (18 USCA §§ 582, 584, 585), held not entitled to discharge on habeas corpus, since question of law for trial court is involved.

Habeas Corpus. Proceeding by the United States, on the relation of Max Hassell, against W. Frank Mathues, United States Marshal. Petition dismissed, and relator remanded to custody of respondent.

John R. K. Scott, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This writ was sued out for the obvious purpose of testing the question of whether the relator should be held for trial. The controversy over this broad question turns upon two propositions advanced by the relator: (1) The evidence does not justify even an accusation of guilt. (2) The offense, if committed, was at a time such that the statute of limitations is a bar to prosecution.

[1-5] We cannot be too often reminded that every person has thrown around him the double protection: (1) From unfounded accusation; and (2) from unjust conviction. In the ordinary course of prosecutions, it is the duty of prosecuting officers, committing magistrates, and especially of grand juries, to afford this first protection. It may likewise become the duty of the court, as in the instant case. It is, however, the duty of the trial court, and of it alone, to afford the second protection. The question presented to us thus becomes whether the relator should be called upon to stand trial, not whether the proof of his guilt has been established with that degree of certainty which would justify his conviction. This is what is commonly called a showing of "probable cause."

Respecting this feature of the case before us, we see no need to do more than announce (without discussion) the conclusion reached that there is probable cause or ground for the prosecution. Whenever, however, it so clearly appears that the time of the commission of the offense was so long ago as that the accused is protected from accusation by the statute of limitations, he may be awarded this right on habeas corpus. There is as much a denial of what we have called the first right of every accused person, by holding him to answer an offense for which he cannot be lawfully prosecuted, as there is for one wholly unsupported by proofs. Whether the question is properly raised by demurrer, by special plea, or by the general issue plea, makes no difference. The right of protection is not a mere procedural one, but is a substantive right. If it appears that he cannot be convicted, he should not be put upon trial. If no other reason existed, the uselessness of the trial would be a sufficient one for dispensing with it.

Just as, however, the prosecuting officer, nor the committing magistrate, nor the grand jury, nor the court on habeas corpus should usurp the functions by anticipating the judgment of the trial court and jury on the subject of guilt, so they should refrain from the like usurpation of the functions of the trial court by an anticipation of any ruling it might make upon a question of law

which was an open one. Reduced to a practical question with respect to the law of the case, this means that, if clearly and beyond reasonable dispute a prosecution is barred by statute, it should be stopped in its earliest stage; but, if the law of the case is debatable, just as when the fact merits of the case are debatable, the ruling should await the determination of the trial court.

[6] The answer to the question of what limitation applies is to be found in the several acts of Congress mentioned below. In phraseology they are directed to three general classes or types of offenses: (1) Cases of fraud affecting the United States; (2) cases arising under the revenue laws; and (3) those arising under the internal revenue laws.

Act April 13, 1876 (18 USCA § 582). This made the limitation three years.

Act July 5, 1884 (18 USCA § 585). This made the limitation six years in all cases arising under the internal revenue laws.

Act Nov. 17, 1921 (18 USCA § 582). This amended the act of 1876 by extending the limitation to six years for the offenses of defrauding the United States. Incidentally this was aimed at war frauds.

Act Nov. 23, 1921 (18 USCA § 585). This amended the act of 1884 by making the limitation for offenses arising under the internal revenue laws three years, but the time is extended until the close of the session of the next grand jury, if the prosecution was begun (as in the instant case) before a commissioner within the three years.

Act June 24, 1924 (section 1010 of the Revenue Act [18 USCA § 585]). This makes the limitation three years for offenses "arising under the internal revenue laws," and six years for the offense of defrauding the United States, with the same extension of time to the close of the session of the next grand jury.

Act Dec. 27, 1927 (18 USCA § 582). This act incidentally was passed with the situation created by particular cases in mind. It provides (1) in all cases (except capital) for a three-year limitation; but (2) except as provided in R. S. § 1046 (18 USCA § 584), which for offenses arising under the revenue laws provides a five-year limitation, and may extend the time to the end of the next session of the grand jury. No opinion is now expressed thereon. The grand jury has not as yet closed its sessions.

The most casual or the most careful reading of these statutes makes it clear that any question raised thereunder is one for the trial court to rule.

The petition for the writ of habeas corpus is dismissed, and the relator remanded to the custody of the respondent.