## UNITED STATES v. NOBLE et al.

District Court, W. D. New York.

May 18, 1937.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Michael Serody, of Philadelphia, Pa., and Robert J. Lansdowne, of Buffalo, N. Y., for defendants Joseph Mandl, Samuel L. Samsschick, and Joseph Girard.

KNIGHT, District Judge.

On August 6, 1935, defendants herein, Samuel L. Samschick, Joseph Mandl, and Joseph Girard, were indicted by a federal grand jury and charged with conspiring, with others, to defraud the United States of a tax due on denatured alcohol withdrawn under permit. The defendants above named have entered separate pleas in bar in each of which it is in substance alleged that he was "involuntarily and compulsorily and against his will" compelled to give testimony in an investigation by the Commissioner of Internal Revenue of the United States concerning the tax liability of the Clyde Products Company of Clyde, N. Y.; that, in violation of the rights guaranteed the defendant by the Fifth Amendment to the Constitution of the United States, testimony given by the defendant before the Commissioner of Internal Revenue of the United States was thereafter presented to the grand jury, and without other competent testimony an indictment based thereon was found. It is alleged that the testimony given before the Commissioner of Internal Revenue "was then and there stenographically recorded, thereafter transcribed and reduced to typewriting in which form it was, is and yet remains."

Each defendant asks that the matters set forth in the plea be tried by a petit jury to the end that he may be discharged from the indictment aforesaid. The government makes reply to each plea in bar, and, among other things, denies that such defendant was compelled to give testimony before the Commissioner of Internal Revenue and denies that testimony so given was revealed or submitted to the grand jury. The government also asserts lack of jurisdiction in the

court to grant the relief prayed for by the defendant and asks for a dismissal of the plea in bar. Submitted with the reply, and made a part thereof, is an affidavit of the Assistant United States Attorney to the effect that he had charge of all the witnesses appearing before the grand jury and had knowledge of all the proceedings taken before it in the case on which such indictment was found; that the minutes of the proceedings conducted before the Commissioner of Internal Revenue were not introduced before said grand jury nor read to said grand jury; that no reference was made by any witnesses to the testimony then so given; and that each defendant was indicted on evidence not referred to in the defendant's petition and special plea in bar.

 It appears from the indictment, which is to be considered a part of the record, that defendant Charles L. Noble obtained a permit to withdraw denatured alcohol for use in the manufacture of vinegar; that the defendant Overland Motor Freight Company was employed by Noble to transport denatured alcohol from the state of Pennsylvania to the state of New York; that defendant Mandl was president, and defendant Samschick secretary, of such Overland Motor Freight Corporation, and defendant Girard was an employee of such corporation. It is not disputed that the government had the right to subpoena and examine these defendants touching their liability for the payment of a tax on denatured alcohol used otherwise than granted by the permit. Express provisions for such authority is found in sections 1514 and 1515 of title 26 U.S.C. (26 U.S.C.A. §§ 1514, 1515). The proceeding before the Commissioner was civil and not criminal. Admittedly the statute grants no immunity. It is not claimed that either defendant claimed privilege. Defendants, officers of the Overland Motor Freight Company, could lawfully be compelled to produce books and records of the corporation and could be subsequently convicted upon the evidence disclosed by such. Say the court in Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558: "The reserved power of visitation would seriously be embarrassed, if not wholly defeated in its effective exercise, if guilty officers could refuse inspection of the records and papers of the corporation. No personal privilege to which they are entitled requires such a conclusion." United States v. Illinois Alcohol Co. (C.C.A.) 45 F.(2d) 145. The burden rests

upon the defendants to show that their constitutional rights have been violated. No sufficient showing in that respect is set forth in the plea in bar. The record of proceedings is the best evidence. The record before the Internal Revenue Commissioner, stenographically transcribed, is presumably accessible to the defendants. There is nothing to show that it is not. Indeed, upon the argument herein it was stated without contradiction that defendants had a copy of such transcript and the District Attorney offered to then submit a copy of such transcript.

The proceedings before the grand jury are secret. It would appear that neither of these defendants is in a position to make oath that contents of his testimony before the Internal Revenue Commissioner was used before the grand jury. While it will be urged that the plea in the above-mentioned respects presents a question of fact determinable only upon the hearing of the trial, it seems to me that, where it is based upon statements which apparently cannot be substantiated, it is necessary for the defendant to go further than to make a simple bald statement of alleged fact. The indictment herein was returned August 6, 1935. While it is admitted that no stenographic minutes of the testimony before the grand jury were taken, no motion has been made for any inspection of any records of the proceedings. While laches of itself does not deny the right to make this plea in bar, it seems to me it may well be considered in connection with the sufficiency of this allegation in the plea.

Attention is directed by defendants to numerous cases in which it has been held that an indictment based upon testimony produced from evidence procured from a defendant in violation of constitutional rights is invalid, United States v. Bell (C.C.) 81 F. 830; United States v. Armour & Co. (D.C.) 142 F. 808; cases in which it has been held that the witness was excused from giving testimony such as would expose him to criminal prosecution, Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158; and cases in which it was held that an indictment returned on incompetent evidence will be quashed, Murdick v. United States (C.C.A.) 15 F.(2d) 965; Wiggins v. United States (C.C.A.) 64 F.(2d) 950, 952. These reiterate rules of law long established. They have, however, no bearing here in view of the conclusions

hereinbefore drawn. Numerous cases are called to the attention of the court in which issues raised by special plea in bar were tried before a jury. United States v. Heike (C.C.) 175 F. 852; Thompson v. United States, 155 U.S. 271, 273, 15 S.Ct. 73, 39 L. Ed. 146; Blair v. United States (C.C.A.) 241 F. 217, 230. There can be no question of a defendant's right in that respect upon a proper showing of sufficient issues. That the defendants herein do not make.

■ It is claimed that, after failing to demur, complainant cannot challenge the legal sufficiency of the plea in bar. The court will take the plea as presented to it, and, if upon the face of it it is found to be insufficient, it will dismiss.

■ Even were tenable issues presented by the plea, they could be tried together with the issue upon the indictment itself, and application therefor can be made at the trial. People v. Connor, 142 N.Y. 130, 36 N.E. 807, and see, also, Rettich v. U. S. (C.C.A.) 84 F.(2d) 118.

The motion to dismiss the plea is granted.