**UNITED STATES of America,**

v.

**Walter A. HARAMIC.**

**Cr. No. 14159.**

United States District Court,
W. D. Pennsylvania.

Sept. 30, 1954.

John W. McIlvaine, U. S. Atty., D. Malcolm Anderson, Jr., First Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Frederic G. Weir, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On March 10, 1954, the defendant was indicted for an alleged violation of Sections 4047(e) (2) and 55(f) (1) of the Internal Revenue Code, 26 U.S.C. He filed a motion to dismiss the indictment and a motion for a bill of particulars.[1]

In the motion to dismiss the defendant seeks to avail himself of the defense of the statute of limitations. No affidavits were filed. The defendant contends that since the indictment on its face shows that the period of limitations has expired, it should be quashed as fatally defective. This appears to be the Pennsylvania rule. Cf. Commonwealth v. Bartilson, 1878, 85 Pa. 482; Commonwealth v. Werner, 1897, 5 Pa.Super. 249.

At the threshold, however, the Government attacks the motion to dismiss on the ground that it is premature under Federal law, and that the defense of the statute of limitations can only be raised

1. Defendant was also indicted together with another at Criminal No. 14160 for conspiracy to defraud the United States under Section 4047(e) (4), 26 U.S.C.

at the trial of the general issue. No briefs were submitted on the point, but counsel for the Government cited United States v. Parrino, 2 Cir., 1953, 203 F.2d 284, which in turn cited United States v. Cook, 1872, 17 Wall. 168, 21 L.Ed. 538.

We are of the opinion that the Cook case and the Parrino case do not go as far as the Government contends. It was held in the Cook case that an indictment showing on its face that the period of limitations had expired would not be quashed on demurrer. In Parrino, the Court of Appeals refused to set a conviction aside under Section 2255, 28 U.S. C.A., where defendant had entered a plea of guilty to an indictment showing on its face that the period of limitations had expired. See also Hughes v. United States, 6 Cir., 1940, 114 F.2d 285; Capone v. Aderhold, 5 Cir., 1933, 65 F.2d 130.

It seems that under the old practice that accused persons could avail themselves of the defense of the statute of limitations by a special plea in bar. Cf. United States v. Cook, supra, 17 Wall. at page 179, 21 L.Ed. 538; Capone v. Aderhold, supra. And although special pleas and demurrers and motions to quash were abolished by Rule 12(a), Fed.Rules Crim.Proc., 18 U.S.C.A., nevertheless the right to have certain defenses determined prior to trial has been preserved by Rule 12(b) (1), Fed.Rules Crim.Proc., 18 U.S.C.A., which provides:

"(b) The Motion Raising Defenses and Ojections.

"(1) Defenses and Objections Which May Be Raised. Any defenses or objection which is capable of determination without the trial of the general issue may be raised before trial by motion."

Comment of the Advisory Committee referring to this subsection, at page 206, is:

"In the other group of objections and defenses, which the defendant at his option may raise by motion before trial, are included all defenses and objections *which are capable of determination without a trial of the general issue*. They include such matters as * * * statute of limitations * * *. Such matters have been heretofore raised by demurrers, special pleas in bar and motions to quash." (Emphasis added.)

As provided in Rule 12(b) (4), we think it is in the discretion of the court whether the defense of the statute of limitations should be determined before the trial or at the trial of the general issue. Protection from prosecution under a statute of limitations is a substantive right. In the circumstances presented by this case, it may very well appear preliminarily that the defendant cannot be convicted because of the bar of the statute of limitations. If that is so, he should not be compelled to stand trial. "If no other reason existed, the uselessness of the trial would be a sufficient one for dispensing with it." Cf. United States ex rel. Hassell v. Mathues, D.C.E.D.Pa.1928, 27 F.2d 137.

Accordingly, a date for hearing will be fixed. In the meantime the Government should admit, traverse or otherwise reply to the facts pleaded in the motion. See United States v. Eisele, D.D.C.1943, 52 F.Supp. 105; United States v. Noble, D.C.W.D.N.Y.1937, 19 F.Supp. 527.

As time is not ordinarily of the essence of the offense, the dates on which it is alleged the offenses were committed need not be proved as laid in the indictment. United States v. Cook, supra; Capone v. Aderhold, supra. But at a hearing or trial where the defense of the statute of limitations is raised, these dates may be of vital importance to a defendant. To make certain that this defendant is protected in that respect, these dates should be specified in the answer, or, alternatively, in a bill of particulars.

An order will be entered in conformity with this opinion.