**UNITED STATES of America**

v.

**Harry W. LAVERY.**

**Crim. No. 12905.**

United States District Court
M. D. Pennsylvania.

Feb. 26, 1958.

Oliver Dibble, Special Asst. to Atty. Gen., Robert J. Hourigan, U. S. Atty., Scranton, Pa., for plaintiff.

John R. Lenahan, Scranton, Pa., for defendants.

JOHN W. MURPHY, Chief Judge.

Defendant charged with violating § 302(b, d) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 186(b, d), moves to dismiss and for a bill of particulars. Defendant argues the indictment does not state sufficient facts to constitute an offense against the United States; that it is vague, indefinite and uncertain as to time, place, manner or means.[1]

The indictment charges that on or about December 1952, the exact date to the grand jurors unknown,[2] in this district, defendant "* * * being a representative of employees who were employed in an industry affecting interstate commerce, to wit, Business Representative of the International Union of Operating Engineers, Local Union No. 542, did unlawfully, wilfully and knowingly receive and accept money from Peter J. McGovern, Vice President and Superintendent of Colonial Sand and Stone Co. of Penna., the employer of such employees, to wit, the sum of Five Hundred Dollars ($500.00)."

Count II charges that on or about December 22, 1953, exact date unknown, under like circumstances defendant received and accepted another $500.00.

29 U.S.C.A. § 186(b) provides: "It shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, or to agree to receive or accept, from the employer of such employees any money or other thing of value." (d) "Any person who willfully violates any of the provisions of this section shall, upon conviction thereof, be guilty of a misdemeanor * * *."

The indictment pleads an offense substantially in the words of the statute and sufficiently informs the defendant of the charges against him so that he may prepare and present his defense without being surprised at the trial and plead double jeopardy to another prosecution for the same offense. See United States v. Gilboy, supra; United States v. Raff, supra; United States v. Angelo, 3 Cir., 1946, 153 F.2d 247, 250; United States v. Marcus, 3 Cir., 1948, 166 F.2d 497, 500, 501, 503; Downs v. United States, 3 Cir., 1925, 3 F.2d 855, 857; United States v. Martinez, D.C.M.D.Pa.1947, 73 F.Supp. 403; United States v. Debrow, 1953, 346 U.S. 374, at page 376, 74 S.Ct. 113, at page 114, 98 L.Ed. 92, and see United States v. Crummer, 10 Cir., 1945, 151 F.2d 958 at page 962. It is similar to indictments sustained in United States v. Ryan, D.C.S.D.N.Y.1955, 128 F.Supp. 128;[3] United States v. Connelly, D.C.D. Minn.1955, 129 F.Supp. 786;[4] United

---

1. Defendant's claims as to the duty to testify and self incrimination; that the grand jury was not properly constituted; publicity attending the grand jury proceedings, are without merit; see opinion United States v. Gilboy, D.C., 160 F.Supp. 442; United States v. Raff, D.C., 161 F.Supp. 276; United States v. Smyth, D.C.N.D.Cal.1952, 104 F.Supp. 283, at page 302. As to trial, see and cf. United States v. Hoffa, D.C.S.D.N.Y. 1957, 156 F.Supp. 495, at page 499.

2. A proper averment where the circumstances warranted, see Ledbetter v. United States, 1898, 170 U.S. 606, at page 612, 18 S.Ct. 774, at page 776, 42 L.Ed. 1162, and see Land v. United States, 4 Cir., 1949, 177 F.2d 346, 348; Lelles v. United States, 9 Cir., 1957, 241 F.2d 21, 25; United States v. Krepper, 3 Cir., 1946, 159 F.2d 958, 964.

3. Reversed on the meaning of "Representative", United States v. Ryan, 2 Cir.,

1955, 225 F.2d 417 (but see Id. at page 424, L. Hand, J.), reversed United States v. Ryan, 1956, 350 U.S. 299, 76 S.Ct. 400, 100 L.Ed. 335; and see United States v. Ryan, 2 Cir., 1956, 232 F.2d 481.

4. Averring that payment was not within exceptions noted in subsection (c) Id. An indictment founded on a general statutory provision defining an offense need not negative the matter of an exception made by a priviso or other distinct clause, whether in the same section or elsewhere. "* * * it is incumbent on one who relies on such an exception to set it up and establish it." McKelvey v. United States, 1922, 260 U.S. 353 at page 357, 43 S.Ct. 132, at page 134, 67 L.Ed. 301; Bistram v. United States, 8 Cir., 1956, 237 F.2d 243 at page 245; Edwards v. United States, 1941, 312 U.S. 473, at pages 478, 479, 61 S.Ct. 669, at pages 672, 673, 85 L.

States v. Brennan, D.C.D.Minn.1955, 134 F.Supp. 42, affirmed 8 Cir., 1957, 240 F.2d 253.[5]

■ "Representative" includes any person authorized by the employees to act for them in dealings with their employer. United States v. Ryan, supra, 350 U.S. at page 302, 76 S.Ct. at page 403; United States v. Brennan, supra, 134 F.Supp. at page 45; United States v. Brennan, supra, 240 F.2d at page 264 (L.M.R.A. supra, §§ 501(3), 101(4), 29 U.S.C.A. §§ 142(3), 152(4)).

"* * * 'employer' includes any person acting as an agent of an employer, directly or indirectly * * *."[6] (L. M.R.A. supra, §§ 501(3), 101(2), 29 U. S.C.A. §§ 142(3), 152(2)); United States v. Ryan, supra, 128 F.Supp. at page 131. As to "employee", see Id. §§ 501(3), 101(3), 29 U.S.C.A. §§ 142(3), 152(3); industry "affecting commerce" Id. § 101(7), 29 U.S.C.A. § 152(7).

Defendant was in a position where his favor would be or at any rate might be of importance to the corporation. Cf. United States v. Ryan, supra, 232 F.2d at page 482; United States v. Brennan, supra, 134 F.Supp. at page 46; Brennan v. United States, supra, 240 F.2d at page 257; United States v. Ventimiglia, D.C.D.Md.1956, 145 F.Supp. 37 at page 39. Assuming arguendo the truth of the allegations in the indictment, defendant was a representative and McGovern an agent of an employer within the meaning of the Act.

■ "As the statute reads, it appears to be a criminal provision, malum prohibitum, which outlaws all payments, with stated exceptions, between employer and representative." United States v. Ryan, supra, 350 U.S. at page 305, 76 S.Ct. at page 404; see and cf. United

States v. Ryan, supra, 232 F.2d at page 483; Brennan v. United States, supra, 240 F.2d at pages 260, 265; United States v. Ryan, supra, 225 F.2d at page 426. A person who is a representative of employees employed in an industry affecting commerce may be held to have wilfully violated § 186(b) upon a showing that he received or accepted money from the employer of such employee (or from the agent of such employer), with knowledge (1) that he was receiving or accepting money, and (2) that the person who was giving him the money was an employer of employees (or the agent of such employer) that he represented. United States v. Ryan, supra, 128 F. Supp. at page 133; United States v. Ryan, supra, 232 F.2d at page 482; Brennan v. United States, supra, 240 F. 2d at pages 260, 265.

■ As to the purpose and policy of the Act, see L.M.R.A. supra, § 1(b), 29 U.S.C.A. § 141(b); United States v. Ryan, supra, 350 U.S. at page 304, 76 S.Ct. at page 404; United Office and Professional Workers of America v. Smiley, D.C.M.D.Pa.1948, 77 F.Supp. 659 at page 671; United States v. Ryan, supra, 225 F.2d at page 426; United States v. Ryan, supra, 232 F.2d at page 483; United States v. Connelly, supra, 129 F.Supp. at pages 788, 789; United States v. Brennan, supra, 134 F.Supp. at page 47. "The chief, if not only, purpose of the section was to put a stop to practices that, if unchecked, might impair the impartiality of union 'representatives.'" United States v. Ryan, supra, 232 F.2d at page 483. "* * * in addition to preventing employers from helping to fill a union's 'war chest,' Congress wished to prevent employers from tampering with the loyalty of union of-

Ed. 957; United States v. Mertine, D.C. D.N.J.1946, 64 F.Supp. 792, 795.

5. And see United States v. Ventimiglia, D.C.D.Md.1956, 145 F.Supp. 37, reversed 4 Cir., 1957, 242 F.2d 620; under the facts there present the defendant was not a representative.

6. With exceptions not herein pertinent. In determining whether any person is

acting as an "agent" of another person, so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling. L.M.R.A. supra, § 101(13), 29 U.S.C.A. § 152(13).

ficials, and disloyal union officials from levying tribute upon employers." L. Hand, J., United States v. Ryan, supra, 225 F.2d at page 426.

■ Questions of constitutionality— repugnance to the Fifth and Sixth Amendments of the United States Constitution because of vagueness and uncertainty regarding the offense charged and the standard of guilt; the power of Congress to enact such legislation— were fully discussed and found to be without merit in United States v. Ryan, supra, 128 F.Supp. 134, 136; United States v. Ryan, supra, 232 F.2d 483; United States v. Connelly, supra, 129 F. Supp. at pages 788, 791; United States v. Brennan, supra, 134 F.Supp. at page 50.

■ Defendant's request that the government be required to "Give the exact date, place and manner in which the defendant" received and accepted the money; to "specifically set forth the circumstances, * * * names and addresses of witnesses * * * the documents or writings, if any, involved * * the nature and extent of the illegality, willingness and knowledge of defendant * * * whether defendant * * * solely or in company with others was in fact the representative of employees * * *" is denied.

Fully cognizant of the holdings in United States v. Smith, D.C.W.D.Mo. 1954, 16 F.R.D. 372; United States v. Carb, D.C.E.D.N.Y.1954, 17 F.R.D. 242; United States v. Dolan, D.C.D.Conn.1953, 113 F.Supp. 757, 759, and of the factual situations there present, the defendant has been furnished sufficient details to prepare his defense, avoid surprise and plead double jeopardy.

■ The weight of authority is against requiring the government to furnish in such cases the names of witnesses or the evidence upon which it will rely at the trial. United States v. Brennan, supra, 134 F.Supp. at pages 52, 53; United States v. General Petroleum Corporation of California, D.C.S.D.Cal. 1940, 33 F.Supp. 95 at page 99; Wong

Tai v. United States, 1927, 273 U.S. 77 at page 82, 47 S.Ct. 300 at page 302, 71 L.Ed. 545, and see United States v. Gilboy, supra, and United States v. Raff, supra.

An order denying defendant's motions will be filed herewith.