**UNITED STATES of America**

v.

**John DURKIN, Joseph J. McHugh, and Robert K. Malloy.**

**Crim. No. 12812.**

United States District Court
M. D. Pennsylvania.

Feb. 27, 1958.

288

Oliver Dibble, Special Asst. to Atty. Gen., Robert J. Hourigan, U. S. Atty., Scranton, Pa., for plaintiff.

Joseph P. Brennan, Scranton, Pa., for defendants.

JOHN W. MURPHY, Chief Judge.

Defendants charged with violating § 302(b) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 186(b), move to dismiss the indictment, urging: (1) it fails to allege sufficient facts to constitute an offense against the United States;[1] (2) it is vague, indefinite and uncertain as to time, place, manner and means; (3) it is duplicitous.

The indictment charges that "on or about June, 1952, the exact date being to the Grand Jury unknown, in the Middle District of Pennsylvania, and within the jurisdiction of this Court, * * * the defendants, being representatives of employees who were employed in an industry affecting commerce, to wit, Business Agents of the General Drivers and Helpers' Union, Local 229, did unlawfully, wilfully and knowingly receive and accept money from Peter J. McGovern, Vice-President and Superintendent of Colonial Sand and Stone Company of Pennsylvania, the employer of such employees, to wit, the sum of Five Hundred Dollars ($500.00)."

1. Defendants' claims as to the statute of limitations, jurisdiction and venue, the duty to testify and self incrimination, publicity attending the grand jury inquiry, are without merit. See opinion

Count II charges that on December 15, 1952, the exact date being to the Grand Jury unknown, defendants under like circumstances received and accepted another $500; Count III, on or about sometime in June 1953, another $500; Count IV, on or about December 15, 1953, another $500.

29 U.S.C.A. § 186(b) provides: "It shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, or to agree to receive or accept, from the employer of such employees any money or other thing of value." (d) "Any person who willfully violates any of the provisions of this section shall, upon conviction thereof, be guilty of a misdemeanor. * * *"

In an opinion, United States v. Lavery, D.C., 161 F.Supp. 283 reasons (1) and (2), supra, addressed to a similar indictment—except as to dates, amount and parties defendant—were found to be without merit. The reasoning there is applicable here.

Defendants' brief does not discuss and perhaps abandons reason No. (3). It is not clear what defendants rely upon to support their claim of duplicity. "Accepted and received" is a proper averment; each count is a separate and distinct charge. United States v. Raff, supra. As to dates, see Id.

The three defendants may be joined in one count. See Rule 8, F.R. Crim.Proc. 18 U.S.C.; Bartlett v. United States, 10 Cir., 1948, 166 F.2d 920 at page 927, "Where several persons are jointly indicted and tried for an offense which might be committed by one person alone, one or more may be convicted and the others acquitted, for such an indictment, although joint in form, is regarded as a several charge against each defendant."

An order denying defendants' motion will be filed herewith.

United States v. Gilboy, D.C., 160. F. Supp. 442; United States v. Raff, D.C., 161 F.Supp. 276; United States v. Lavery, D.C., 161 F.Supp. 283.