**UNITED STATES of America**
**v.**
**AUTO RENTAL COMPANY, Inc., and**
**Theodore R. Cozza.**
**Crim. No. 60–146.**

United States District Court
W. D. Pennsylvania.
Sept. 26, 1960.

---

Daniel Snyder, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Ben Paul Jubelier, Pittsburgh, Pa., for defendant, Theodore R. Cozza.

David B. Fawcett, Pittsburgh, Pa., for defendant, Auto Rental Co.

MARSH, District Judge.

The defendants, Auto Rental Company, Inc. and Theodore R. Cozza, move for a Bill of Particulars and to dismiss a 2-count Information filed on June 8, 1960, charging them with violating § 186, Title 29 U.S.C.A.

In the first count, the Information charges that between January 1, 1955 and September 13, 1959, Auto Rental Company, as an employer in an industry affecting interstate commerce, did unlawfully, willfully and knowingly pay and deliver to Theodore R. Cozza, a representative of its employees who were employed in an industry affecting interstate commerce, to-wit, a member of the Teamsters' Joint Council No. 40 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, the sum of $7,811.80. In the second count, the Information charges that between the aforesaid dates, Theodore R. Cozza, being a representative of such employees, to-wit, a member of the Teamsters' Joint Council No. 40, did unlawfully, willfully and knowingly receive and accept from Lillian B. Baker, Secretary-Treasurer of Auto Rental Company, Inc., an employer of such employees, the sum of $7,811.80.

The Motions set forth six reasons for dismissing the Information. The first two aver that the Information fails to state an indictable offense and violates Rule 7(c), Fed.R.Crim.P., 18 U.S.C.A. There is no merit in either. The two counts charge offenses substantially in the language of subsections 186(a) and (b) of the Act, respectively, and adequately inform the defendants of the charges against them.

In the third reason defendants contend that "the Information fails to state an indictable offense in that it is alleged that the offense was committed between January 1, 1955 and September 13, 1959. The Information was filed on June 8, 1960, so that the period from January 1, 1955 to June 8, 1955 is barred by the applicable Statute of Limitations [5 years] as set forth in 18 U.S.C. 3282." There is nothing in this reason which would justify dismissing the Information. The defendants did not allege facts with respect to the date or dates on which the $7,811.80 was paid. Cf. United States v. Dierker, D.C.W.D.Pa.1958, 164 F.Supp. 304. They seem to rely on the failure of the Information to disclose the actual date or dates on which the money was paid. Of course, if all the money was paid prior to the 5-year period, the Statute of Limitations would bar prosecution. Protection from prosecution under a Statute of Limitations is a substantive right, and the actual date or dates of payment may be of vital importance to the defendants. It is within the discretion of the court whether this defense should be determined before trial or at the trial of the general issue. From the circumstances disclosed in defendants' brief and at argument, it appears that the money was paid periodically from January 1, 1955 to September 13, 1959. The Government agrees. Therefore, we think that the effect of the Statute of Limitations should be determined at the trial of the general issue. However, to make certain that the defendants are protected in this respect, we will order the Government to disclose in a Bill of Particulars the dates on which money was paid and the amounts paid. United States v. Haramic, D.C.W.D.Pa.1954, 125 F.Supp. 128.

In their 4th and 5th reasons, the defendants contend that the Information was founded upon the testimony of H. A. Barrett, manager of the defendant Auto Rental Company, before a

Grand Jury, and that an inspection of Barrett's testimony before that Grand Jury would show that the United States Attorney did not have sufficient facts on which to base the Information. They attach an alleged affidavit of Barrett presented to a Senate Committee containing exculpatory evidence in support of the 4th reason. For purposes of a motion to dismiss an information, the allegations therein must be accepted as true. United States v. Frankfort Distilleries, 324 U.S. 293, 296, 65 S.Ct. 661, 89 L.Ed. 951; United States v. Mertine, D.C.N.J.1946, 64 F.Supp. 792. We do not think that the defendants, with any degree of conclusiveness, can assume that the United States Attorney did not have sufficient proof of the facts he alleged in the Information. These reasons are without merit.

The sixth reason challenges the constitutionality of § 186. This reason is likewise without merit. United States v. Ryan, D.C.N.Y.1955, 128 F.Supp. 128, reversed on other grounds, 2 Cir., 1955, 225 F.2d 417, which in turn was reversed 350 U.S. 299, 76 S.Ct. 400, 100 L.Ed. 335; United States v. Lavery, D.C.M. D.Pa.1958, 161 F.Supp. 283; United States v. Brennan, D.C.Minn.1955, 134 F.Supp. 42; United States v. Connelly, D.C.Minn.1955, 129 F.Supp. 786.

At oral argument, it was urged that the defendant Cozza was a bona fide employee of the defendant Auto Rental Company, and that the money he received from it was compensation for his services as its employee within the exception provided in § 186, subsection (c) (1), Title 29 U.S.C.A. Counsel for the defendants contend that the Government is aware of these facts. It seems that the defendants desire the court to rule on this defense at a preliminary hearing pursuant to Rule 12(b) (1) and (4), Fed.R.Crim.P. We do not think that defendants are entitled to a preliminary hearing for the reason that the facts constituting their alleged defense

were not raised by their Motions. Rule 12(b) (1). If they had been, the Government would have had an opportunity to admit, traverse, or otherwise reply thereto. Unless those exculpatory facts were admitted, the defendants would have the burden of proving them at a hearing.[1] However, a question would then arise as to whether or not the alleged defense is one "which is capable of determination without the trial of the general issue", Rule 12(b) (1), on which we need not now rule. Cf. Universal Milk Bottle Service v. United States, 6 Cir., 1951, 188 F.2d 959, 962; United States v. Mertine, supra.

On the six reasons presented to the court, the Motions to Dismiss should be denied. The Government will be required to provide a Bill of Particulars as specified in the accompanying orders.

---

1. Edwards v. United States, 312 U.S. 473, 480, 61 S.Ct. 669, 85 L.Ed. 957; Martin v. State of Texas, 200 U.S. 316, 319, 26 S.Ct. 338, 50 L.Ed. 497.