665 So.2d 978 (1995)
Kathryn Jane MIESNER
v.
STATE.
CR-93-758.
Court of Criminal Appeals of Alabama.
February 10, 1995.
Rehearing Denied April 14, 1995.
Certiorari Denied June 30, 1995.
*979 L. Drew Redden and Stephen W. Shaw, Birmingham, for appellant.
James H. Evans, Atty. Gen., and Shirley Brown, Deputy Atty. Gen., for appellee.
Alabama Supreme Court 1941055.
TAYLOR, Presiding Judge.
The appellant, Kathryn Jane Miesner, was convicted of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. She was sentenced to 10 years' imprisonment; that sentence was split, and she was ordered to serve 6 months in the penitentiary and was placed on probation for the remainder of her sentence.
The appellant contends that the court erred in denying her motion made pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution prohibits the prosecution from exercising its peremptory strikes to remove blacks from a black defendant's jury solely on the basis of their race. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court extended Batson to the striking of blacks from a white defendant's jury. Batson was further extended to apply to civil cases in Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Batson was further extended when the United States Supreme Court in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the protections of Batson were also applicable to defense counsel in criminal trials. The Alabama Supreme Court, in White Consolidated Industries, Inc. v. American Liberty Insurance Co., 617 So.2d 657 (Ala.1993), extended Batson to the striking of white veniremembers. Batson has also been extended to prohibit gender-based strikes in J.E.B. v. Alabama ex rel. T.B., ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
Although, the many cases interpreting Batson have created a complex area of the law, the issue in this case is resolved by applying the basic principles set forth by the United States Supreme Court in Batson. The United States Supreme Court in Batson stated:
"More than a century ago, the Court decided that the State denies a black defendant equal protection of the laws when it puts him on trial before a jury from which members of his race have been purposefully excluded. Strauder v. West Virginia, 10 Otto 303, 100 U.S. 303, 25 L.Ed. 664 (1880). That decision laid the foundation for the Court's unceasing efforts to eradicate racial discrimination in the procedures used to select the venire from which individual jurors are drawn. In Strauder, the Court explained that the central concern of the recently ratified Fourteenth Amendment was to put an end to governmental discrimination on account of race. Id., at 306-307. Exclusion of black citizens from service as jurors constitutes a primary example of the evil the Fourteenth Amendment was designed to cure.
"In holding that racial discrimination in jury selection offends the Equal Protection Clause, the Court in Strauder recognized, however, that a defendant has no right to a `petit jury composed in whole or in part of the persons of his own race.' Id., at 305 `The number of our races and nationalities stands in the way of evolution of such a conception' of the demand of equal protection. Akins v. Texas, 325 U.S. 398, 403, 65 S.Ct. 1276, 1279, 89 L.Ed. 1692 (1945). But the defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria. Martin v. Texas, 200 U.S. 316, 321, 26 S.Ct. 338, 339, 50 L.Ed. 497 (1906); Ex parte Virginia, 10 Otto 339, 345, 100 U.S. 339, 345, 25 L.Ed. 676 (1880). The Equal *980 Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race, Strauder, supra, 100 U.S., at 305, or on the false assumption that members of his race as a group are not qualified to serve as jurors, see Norris v. Alabama, 294 U.S. 587, 599, 55 S.Ct. 579, 584, 79 L.Ed. 1074 (1935); Neal v. Delaware, 13 Otto 370, 397, 103 U.S. 370, 397, 26 L.Ed. 567 (1881).
"Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure. `The very idea of a jury is a body ... composed of the peers or equals of the person whose rights it is selected or summoned to determine; that is, of his neighbors, fellows, associates, persons having the same legal status in society as that which he holds.' Strauder, supra, 100 U.S., at 308; see Carter v. Jury Comm'n of Greene County, 396 U.S. 320, 330, 90 S.Ct. 518, 524, 24 L.Ed.2d 549 (1970). The petit jury has occupied a central position in our system of justice by safeguarding a person accused of crime against the arbitrary exercise of power by prosecutor or judge. Duncan v. Louisiana, 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968). Those on the venire must be `indifferently chosen,' to secure the defendant's right under the Fourteenth Amendment to `protection of life and liberty against race or color prejudice.' Strauder, supra, 100 U.S., at 309.
"...
"... Although a prosecutor ordinarily is entitled to exercise permitted peremptory challenges `for any reasons at all, as long as that reason is related to his view concerning the outcome' of the case to be tried, United States v. Robinson, 421 F.Supp. 467, 473 (Conn.1976), mandamus granted sub nom. United States v. Newman, 549 F.2d 240 (CA2 1977), the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant."
Batson, 476 U.S. at 85-89, 106 S.Ct. at 1716-1719, 90 L.Ed.2d at 79-83. (Footnotes omitted.)
Here, the state used 5 of its 7 peremptory strikes to remove black prospective jurors from the venire. The court directed the state to give its reasons for the strikes. Therefore, whether the court found that the defendant had established a prima facie case of racial discrimination is moot. When the reasons for striking prospective jurors are contained in the record, this court will review those reasons. Dobyne v. State, [Ms. CR-91-1840, April 15, 1994] ___ So.2d ___(Ala.Cr.App.1994).
"A neutral explanation in the context of our analysis here means an explanation based on something other than the race of the juror." Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). However, this court has stated that when a reason, although suspect, is accompanied by a nonracial reason, the strike of the prospective juror does not violate Batson. Williams v. State, 627 So.2d 985 (Ala.Cr.App. 1991), on rehearing, 627 So.2d 994 (Ala.Cr. App.1992), aff'd, 627 So.2d 999 (Ala.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994); Clark v. State, 621 So.2d 309 (Ala.Cr.App.1992).
The prosecutor gave the following reasons for striking two of the black prospective jurors:
"There are 17 black people on the jury, in the venire; there are 13 white folks. I did not feel I wanted to strike any more white people, because the Defense struck black male, white male, white male, white male, white male, white female, and they're striking off all the white folks.

"I wanted a balanced jury. I wanted some white people on the jury. I think I've tried two or three cases where they've been all black, and I've had strange results, and I want a cross section. I want whites and blacks, males and females. So, since the Defense was striking all the white folks off, all the white males, all the strong white males, and a strong white female, I felt that I needed to strike from *981 the black females. And I struck the two older ladies, and I normally, in my practice strike older people, whether they're white, black, yellow, pink, or orange. I think that older people sometimes are too sympathetic to people, that they mellow as they get older. Also, sometimes they don't hear so well, they don't pay attention. I picked Ms. R. and Ms. W., because as I was watching them when questions were being asked, they didn't seem to react the same way as Ms. S. did; she was born in 1926, but she was as alert as anybody I've ever seen in my life: Eyes flicking, paying attention. So, I selected those two older people, who happened to be black, and because I did not want to strike white folks. Because if I did, we would wind up with maybe one, or no white people on the jury, which I don't think would be a proper result.

"....
"Also, the problem that I came inyou don't have anybody but blacks to strike from, because the Defense is sitting there striking all the whites.
"....
"In other words, it's a catch-22. Of course, race came into consideration.

"....
"But to be absolutely honest, race was a factor.

"....
"And, like I said, to say race wasn't a factor, would be dishonest."
(Emphasis added.)
The record reflects that the reasons that the prosecutor struck these two black prospective jurors was because he did not want to strike any of the whites left on the venire. The prosecutor did say that he also struck the two black prospective jurors because of their age. However, the prosecutor prefaced this by saying that he did not want to strike any more white people. The prosecutor's reason for striking these two prospective jurors was based on race; the United States Supreme Court strongly condemned this practice in Batson. The striking of even one black prospective juror for a racial reason violates Batson. Williams v. State, 620 So.2d 82 (Ala.Cr.App.1992).
We will reverse a trial court's ruling on a Batson motion only when it is clearly erroneous. Williams; Ex parte Branch, 526 So.2d 609 (Ala.1987). This Court is bound by the decisions of the United States Supreme Court. We must hold that the trial court's ruling that no Batson violation occurred was "clearly erroneous."
For the foregoing reasons, the judgment is reversed and the case remanded to the Circuit Court for Jefferson County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except COBB, J., who dissents with opinion.
COBB, Judge, dissenting.
The majority recognizes in its opinion that "this court has stated that when a reason, although suspect, is accompanied by a nonracial reason, the strike of the prospective juror does not violate Batson. Williams v. State, 627 So.2d 985 (Ala.Cr.App.1991), on rehearing, 627 So.2d 994 (Ala.Cr.App.1992); Clark v. State, 621 So.2d 309 (Ala.Cr.App. 1992)." 665 So.2d at 980. Although the prosecutor gave some race-neutral reasons for his strikes, the majority concludes that because the prosecutor mentioned that race also was a factor in his decision in making some of those strikes, a per se Batson violation occurred. I believe that when the state or a defendant provides a race-neutral reason for striking a juror in addition to a reason that is not race-neutral, the trial court should, as it did here, disregard the reason that is not race-neutral. If indeed the other reasons are race-neutral, then the strike should be upheld. I cannot say that the trial judge's decision on this matter was clearly erroneous. Ex parte Bankhead, 625 So.2d 1146 (Ala.1993); Ex parte Branch, 526 So.2d 609, 625-26 (Ala.1987). For this reason, I dissent.