# Richmond

CEPHAS CLARK *v.* COMMONWEALTH OF VIRGINIA.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*W. Glenn Edwards* and *Tompkins & Tompkins,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr., Special Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

Cephas Clark, a colored resident of Carroll county, was convicted by a jury of an assault upon another negro. The single assignment of error is that the trial court erred in overruling the motions of the accused (1) to quash the indictment because there was no colored person on the grand jury which brought in the indictment, and (2) to quash the *venire facias* because the list contained the name of no colored person.

There was no allegation that negroes had been excluded from such juries solely because of their race or color, nor was any evidence introduced or offered in support of either motion.

■ The Supreme Court of the United States has settled beyond controversy the proposition that the exclusion of all negroes from the grand jury by which a negro is indicted, or from the petit jury by which he is tried, solely because of their race or color, is a denial of the equal protection of the laws guaranteed to him by the Fourteenth Amendment to the Federal Constitution. *Norris* v. *Alabama,* 294 U. S. 587, 589, 55 S. Ct. 579, 79 L. Ed. 1074, and cases there cited.

■ But in *Martin* v. *Texas,* 200 U. S. 316, 320, 321, 26 S. Ct. 338, 339, 50 L. Ed. 497, that court held that the Fourteenth Amendment did not guarantee to a negro the right to be indicted or tried by a mixed jury, some of which were members of his race; that the allegation of the forbidden discrimination could not be established "by simply proving that no one of that race was on the grand jury that returned the indictment or on the petit jury that tried the accused;" and that there must be proof, or offer of proof, that negroes were

excluded from such juries solely because of their race or color.

The precise question here involved was before this court in *Patterson* v. *Commonwealth*, 139 Va. 589, 123 S. E. 657. What we said there (139 Va. 589, 604, 123 S. E. 657, 661) fits this case: "This bill of exception is all of the record we have on the subject. It shows that the motion was not based on the ground that negroes were excluded solely on account of their race or color. It also fails to show that any evidence on the subject was tendered, so that even if the written motion could be considered, it stands on the bare assertion of the accused unsupported by any evidence, or offer of evidence, to support it. The motion, therefore, was rightly overruled because it was not only necessary to allege it, but also to prove it, or at least offer to prove it."

In *Norris* v. *Alabama, supra,* relied on by the accused, the motions to quash were supported by evidence showing that no negro had ever served on a grand or petit jury in either the county wherein the accused was indicted, or in that in which he was tried, although many negroes were qualified for such service in both counties. It was held that such discrimination amounted to a denial of the equal protection of the laws guaranteed to the accused by the Fourteenth Amendment.

The record before us makes out no such case. The motions to quash were properly overruled. The judgment is affirmed.

*Affirmed.*