**Jodie BAILEY, Appellant,**

v.

**W. Frank SMYTH, Jr., Superintendent,
The Penitentiary, Richmond, Va.,
Appellee.**

**No. 6911.**

United States Court of Appeals,
Fourth Circuit.

Argued. March 11, 1955.

Decided March 14, 1955.

S. W. Tucker, Emporia, Va., and William Davis Butts, Newport News, Va. (Robert H. Cooley, Jr., Petersburg, Va.; on the brief), for appellant.

Robert D. McIlwaine, III, Asst. Atty. Gen. of Virginia (J. Lindsay Almond, Jr., Atty. Gen. of Virginia, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus by a prisoner serving a sentence of imprisonment under the judgment of a Virginia state court. In 1950 appellant was convicted of murder in the first degree in the Circuit Court of Greensville County, Virginia; but this conviction was reversed by the Supreme Court of Appeals of Virginia on the ground that the trial court had committed prejudicial error in failing to receive evidence that there was discrimination against appellant on the ground of race in the selection of the jury. Bailey v. Commonwealth, 191 Va. 510, 62 S.E.2d 28. On remand to the Circuit Court, that

court went fully into the matter of the alleged discrimination and, upon a retrial of the case, appellant was again convicted of murder in the first degree and the sentence of imprisonment thereupon entered was affirmed on appeal. Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368. Certiorari was denied by the Supreme Court of the United States. Bailey v. Virginia, 344 U.S. 886, 73 S.Ct. 186, 97 L.Ed. 686. In the application for the writ of habeas corpus appellant relied only on two points, both of which had been fully considered and decided adversely to him by the Supreme Court of Appeals of Virginia and which had been presented to the Supreme Court of the United States in the application for certiorari, viz., (1) that there had been discrimination on the ground of race in the selection of the jury by which he had been tried and (2) that one of the instructions to the jury amounted to a denial of due process. The judge below based his decision on the ground that an examination of the record showed that the state courts had given fair consideration to the questions presented and had reached a satisfactory conclusion with regard thereto. Under such circumstances he properly dismissed the petition. As said by the Supreme Court in Brown v. Allen, 344 U.S. 443, 462–465, 73 S.Ct. 397, 410, 97 L.Ed. 469:

■ "A federal judge on a habeas corpus application is required to 'summarily hear and determine the facts, and dispose of the matter as law and justice require', 28 U.S.C. § 2243, 28 U.S.C.A. § 2243. This has long been the law. R.S. § 761, old 28 U.S.C. § 461. It was under this general rule that this Court approved in Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989, the procedure that a federal judge might refuse a writ where application for one had been made to and refused by another federal judge and the second judge is of the opinion that in the light of the record a satisfactory conclusion has been reached. That principle is also applicable to state prisoners. Darr v. Burford, supra, 339 U.S. at pages 214–215, 70 S.Ct. [587] at pages 595–596, 94 L.Ed. 761.

"Applications to district courts on grounds determined adversely to the applicant by state courts should follow the same principle—a refusal of the writ without more, if the court is satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence, and has resulted in a satisfactory conclusion. Where the record of the application affords an adequate opportunity to weigh the sufficiency of the allegations and the evidence, and no unusual circumstances calling for a hearing are presented, a repetition of the trial is not required. See 344 U.S. 457, 73 S.Ct. 407, supra. However, a trial may be had in the discretion of the federal court or judge hearing the new application. A way is left open to redress violations of the Constitution. See, 344 U.S. 447, 73 S.Ct. 402, supra. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected. It is necessary to exercise jurisdiction to the extent of determining by examination of the record whether or not a hearing would serve the ends of justice. Cf. 28 U.S.C. § 2244, 28 U.S.C.A. § 2244. See note 15, supra. As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state

court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies. See White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348."

The rule here applicable was thus stated by Mr. Justice Frankfurter in his concurring opinion in that case, 344 U.S. at page 506, 73 S.Ct. at page 446:

"When the record of the State court proceedings is before the court, it may appear that the issue turns on basic facts and that the facts (in the sense of a recital of external events and the credibility of their narrators) have been tried and adjudicated against the applicant. Unless a vital flaw be found in the process of ascertaining such facts in the State court, the District Judge may accept their determination in the State proceeding and deny the application."

The record in the state court thoroughly justified the application of the rule well stated by Mr. Justice Frankfurter in his concurring opinion in Cassell v. State of Texas, 339 U.S. 282, 292, 70 S.Ct. 629, 634, 94 L.Ed. 839, as follows:

"If the record here showed no more than that the grand-jury commissioners had considered the Negroes with whom they were acquainted—just as they considered white persons whom they knew—and had found them to be either unqualified for grand-jury service or qualified but unavailable, and did so not designedly to exclude Negroes, the State court's validation of the local procedure would have to prevail. We ought not to go behind such a conscientious process, however rough and ready the procedure of selection by jury commissioners. To find in such honest even if pragmatic selection of grand jurors the operation of unconstitutional standards would turn this Court into an agency for supervising the criminal procedure of the forty-eight States. Such an assumption of authority by this Court would jeopardize the practical functioning of grand juries throughout the country in view of the great variety of minority groups that compose our society."

Affirmed.