**Robert CLARK, Petitioner, Appellant,**

v.

**Orel J. SKEEN, Warden, West Virginia State Penitentiary, Moundsville, West Virginia, Respondent, Appellee.**

**No. 6948.**

United States Court of Appeals Fourth Circuit.

Argued April 12, 1955.

Decided May 6, 1955.

No attorney for appellant.

Robert E. Magnuson, Asst. Atty. Gen. (John G. Fox, Atty. Gen., of West Virginia, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for writ of habeas corpus. Appellant after being convicted in a West Virginia state court of the larceny of an automobile, was charged in that court under the West Virginia statute with being an habitual criminal and was sentenced under that statute to life imprisonment on the basis of the proof of prior convictions of felony in the State of Pennsylvania. He attacked the validity of the statute under which he was sentenced and also the sufficiency of the Pennsylvania convictions to support sentence under that statute, in habeas corpus proceedings before the Supreme Court of Appeals of West Virginia; and from denial of relief there applied to the Supreme Court of the United States for writ of certiorari, which was denied. Clark v. Skeen, 346 U.S. 839, 74 S.Ct. 63, 98 L.Ed. 360. He raised the same questions on petition for habeas corpus to the judge below, who properly dismissed the petition for reasons adequately stated in his opinion. See United States ex rel. Clark v. Skeen, D.C., 126 F.Supp. 24. As the questions raised by the petition were essentially questions of state law, the judge was bound by the decision of the Supreme Court of Appeals of the state; and in any event he was not required to issue the writ if satisfied that the matter had been properly heard and a satisfactory conclusion reached on the hearing in the state court. Brown v. Allen, 344 U.S. 443, 462-465, 73 S.Ct. 397, 97 L.Ed. 469; Bailey v. Smyth, 4 Cir., 220 F.2d 954. If the case were properly before us, we

would feel impelled to affirm the judgment below, whatever our view as to the propriety of life imprisonment in a case of this sort. It is not properly before us, however, since appellant has failed to obtain the certificate of probable cause required by 28 U.S.C. § 2253. The appeal must accordingly be dismissed.

Appeal dismissed.