Mason McCOY, Petitioner, Appellant,

v.

E. H. TUCKER, Warden, West Virginia State Penitentiary, Respondent, Appellee.

No. 7655.

United States Court of Appeals Fourth Circuit.

Argued June 9, 1958.

Decided Oct. 6, 1958.

Mason McCoy, pro se, on brief.

Gene Hal Williams, Asst. Atty. Gen., State of West Virginia (William Wallace Barron, Atty. Gen., and W. Bernard Smith, Asst. Atty. Gen., State of W. Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Mason McCoy, a prisoner in the West Virginia State Penitentiary, sentenced to a term of five to ten years after pleading guilty to a charge of incest upon his fifteen year old daughter, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of West Virginia. 28 U.S.C.A. Sec. 2253.

Eight times he has unsuccessfully sought relief by writs of habeas corpus in the Supreme Court of Appeals of West Virginia, and three times he has petitioned to the Supreme Court of the United States for certiorari, which has denied his petitions. 348 U.S. 918, 75 S. Ct. 302, 99 L.Ed. 720; 353 U.S. 934, 77 S.Ct. 822, 1 L.Ed.2d 757; 355 U.S. 847, 78 S.Ct. 72, 2 L.Ed.2d 56. The District Judge was unable to determine from the petition and the accompanying papers whether or not the points urged in the present petition had been raised before the highest Court of West Virginia, or were covered by his petitions for certiorari in the Supreme Court of the United States.

■ On the ground that it did not appear that state remedies had been exhausted, his latest petition was denied without hearing, but with an opinion. The District Judge declined to issue a certificate of probable cause. In the absence of such a certificate by the District Judge, or a Judge of this Court, the Court of Appeals is without jurisdiction to hear the appeal.[1]

Robert D. Lewis, Asheville, N. C. (Court appointed counsel) for appellant.

1. 28 U.S.C.A., Sec. 2253. Humphries v. Peppersack, 4 Cir., 1957, 250 F.2d 575; Bell v. Com. of Va., 4 Cir., 1957, 245 F.2d 170; Carter v. Peppersack, 4 Cir., 1957, 242 F.2d 750; Cumberland v. Warden, Md. Penitentiary, 4 Cir., 1955, 227 F.2d 310; Farmer v. Skeen, 4 Cir., 1955, 222 F.2d 948; Clark v. Skeen, 4

■■ Because of the growing practice of state prisoners to file in federal courts petitions not only seeking review of state proceedings but also repeating earlier unsuccessful efforts in the federal courts, it may be well to reaffirm here the principles governing cases of this type. The role of federal courts in the review of state proceedings on habeas corpus is a restricted one. They are without authority to retry issues falling within the jurisdiction of the states.[2] Only if it is made to appear that a state prisoner is detained in violation of the Constitution or laws or treaties of the United States can federal jurisdiction arise.[3] Even in such cases, in a system of dual sovereignties orderly procedure requires that the federal court shall refrain from intervening until the state courts have had opportunity to consider and pass upon the points raised. If the state remedy has not been exhausted, including appeal to the state's highest court and petition in the United States Supreme Court for certiorari, the lower federal courts do not ordinarily act.[4]

■ When state remedies have been exhausted, the applicant for federal habeas corpus still does not have an automatic right to a hearing. "That most claims are frivolous," said Justice Frankfurter, "has an important bearing upon the procedure to be followed by a district judge," Brown v. Allen, 1953, 344 U.S. 443, 460, 73 S.Ct. 397, 409, 443, 97 L.Ed. 469, and the judge, in his discretion, may refuse the writ without evidence or argument. If the application itself fails to set forth facts stating a *prima facie* case for federal relief, it may be dismissed summarily, without more, although the applicant is afforded the opportunity to amend a deficient application. 28 U.S.C.A. Sec. 2242. Moreover, where the application states a case for relief, but the district judge discovers from an examination of the record that the state process has given fair consideration to the issues and the evidence, even where the facts are disputed, if the judge is satisfied with the conclusion reached in the state courts, he may likewise deny the writ without hearing or argument.[5] Fi-

Cir., 1955, 222 F.2d 423; Allen v. Smyth, 4 Cir., 1954, 213 F.2d 867.

2. Harrison v. Skeen, 4 Cir., 1955, 226 F. 2d 217; Ferguson v. Manning, 4 Cir., 1954, 216 F.2d 188; Harris v. Swenson, 4 Cir., 1952, 199 F.2d 269; Tyson v. Swenson, 4 Cir., 1952, 198 F.2d 308; Bernard v. Brady, 4 Cir., 1947, 164 F. 2d 881; Hawk v. Olson, 1945, 326 U.S. 271, 273, 66 S.Ct. 116, 90 L.Ed. 61; Cash v. Huff, 4 Cir., 1944, 142 F.2d 60; Sanderlin v. Smyth, 4 Cir., 1943, 138 F.2d 729; Wright v. Brady, 4 Cir., 1942, 129 F.2d 109.

3. 28 U.S.C.A. Sec. 2241; Brown v. Allen, 1953, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469. See, Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, where the Court, on habeas corpus by a state prisoner, adjudicated issues arising under the Fourteenth Amendment to the Constitution and also the Federal Kidnapping Act.

4. 28 U.S.C.A., Sec. 2254; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Orr v.

State of South Carolina, 4 Cir., 1953, 201 F.2d 669; United States ex rel. Farmer v. Skeen, 4 Cir., 1953, 203 F.2d 950; Allen v. Smyth, 4 Cir., 1954, 213 F.2d 867; Tyler v. Peppersack, 4 Cir., 1956, 235 F.2d 29; Bell v. Commonwealth of Virginia, 4 Cir., 1957, 245 F. 2d 170; Humphries v. Peppersack, 4 Cir., 1957, 250 F.2d 575; Davis v. Peppersack, 4 Cir., 1958, 255 F.2d 29. Cf. Lampe v. Clemmer, 4 Cir., 1958, 251 F.2d 465. Special circumstances, however, may make prompt decision desirable and justify earlier resort to the federal courts. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

5. On the subject of disposition of applications for habeas corpus without a hearing, see: 28 U.S.C.A. Sec. 2243; Ex parte Quirin, 1942, 317 U.S. 1, 24, 63 S. Ct. 1, 87 L.Ed. 3; Brown v. Allen, 1953, 344 U.S. 443, 461, 506, 73 S.Ct. 397, 97 L.Ed. 469; Farley v. Skeen, 4 Cir., 1953, 208 F.2d 791; Bailey v. Smyth, 4 Cir., 1955, 220 F.2d 954; Humphries v. Peppersack, 4 Cir., 1957, 250 F.2d 575; Clark v. Skeen, 4 Cir., 1955, 222 F.2d 423; Presley v. Peppersack, 4 Cir., 1955,

nally, if the legality of the prisoner's detention has been determined by a judge or court of the United States on a prior application for the writ, and if the second application presents no new ground not theretofore presented and determined, the judge need not entertain the second application if he "is satisfied that the ends of justice will not be served by such inquiry." 28 U.S.C.A. Sec. 2244.

■ Despite the absence of the required certificate of probable cause, we have in this instance treated the papers filed by the appellant as an application to the Judges of this Court for such certificate, and we have inquired broadly to satisfy ourselves whether there is sufficient likelihood of merit in the case to constitute probable cause. We discover none.

The petitioner apparently seeks to raise every conceivable ground, irresponsibly piling allegation upon allegation in disregard of the facts. His assertions are patently insubstantial. For example, one is that he was "kidnapped" by the West Virginia officers in Ohio and brought into West Virginia for trial. He is contradicted by his signed waiver of extradition. In law, too, the contention lacks validity. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

Another sample allegation is the bold assertion that although he was convicted of incest, he was not indicted for this crime. The indictment on its face provides the refutation. Other claims are made abstractly in the language of the Constitution or court decisions, with no attempt to supply the basic facts. Most brazen of all is the "legal" contention that the girl was not his daughter, but his stepdaughter, and therefore cannot be the subject of incest. Inquiry into the record discloses that she is called a stepdaughter because he neglected to marry the mother until after the girl was born, and public records establish that the child is his.

227 F.2d 325. Cf., however, Commonwealth of Pa. ex rel. Herman v. Claudy,

■ We have chosen to discuss the case at greater length than ordinarily necessary or desirable, in order to point out that while district judges must be alert to protect constitutional rights, they are not required to issue writs or conduct hearings upon petitions that manifestly fail to present any substantial question, especially when the petition is in substance a mere reiteration of earlier petitions. When, as in this instance, the district judge has filed a carefully reasoned opinion demonstrating the petition's inadequacy, his refusal to issue a certificate of probable cause will not be disturbed.

Appeal dismissed.

1956, 350 U.S. 116, 123, 76 S.Ct. 223, 100 L.Ed. 126.