**James H. McNUTT, Appellant,**

v.

**STATE OF TEXAS et al., Appellees.**

No. 20339.

United States Court of Appeals
Fifth Circuit.

Oct. 3, 1963.

R. Gordon Gooch, Houston, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen. of Texas, Austin, Tex., Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., for appellees.

Before RIVES, CAMERON and HAYS,* Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from the denial of a petition for writ of habeas corpus. Appellant alleged that he had been deprived of his constitutional rights in that his State conviction was obtained with the knowing use of perjured testimony, and that the trial was held without his being afforded an opportunity to consult with counsel in order to prepare an adequate defense. This appeal is from his fourth denial of a petition for a writ of habeas corpus in the federal courts. Each petition was denied without having a hearing.

The denial of the instant petition is dated August 28, 1962, and states as reasons for such denial:

"Unless it is considered otherwise in the interest of justice, a Petition for Writ of Habeas Corpus which presents grounds that have been previously presented or which could have been presented on a previous Petition before a federal habeas corpus court need not be later considered after being previously rejected. Title 28 U.S.C.A., Sec. 2244; McCoy v. Tucker, 4 Cir., 259 F.2d 714; Broadus-Bey v. Diamond, 6 Cir., 264 F.2d 242. No new grounds are here presented.

"In light of the decision by Honorable Ben C. Connally, United States District Judge, on a similar Petition for Writ of Habeas Corpus,

---

* Of the Second Circuit, sitting by designation.

dated April 27, 1961, from which decision an appeal would lie, Title 18, U.S.C.A. Sec. 1915, the instant Petition for Writ of Habeas Corpus is denied. Title 28, U.S.C.A. Sec. 2244."

The denial of relief and reasons given were undeniably correct at the time the above order was entered. Since that time, however, the Supreme Court in a "guideline" decision [1] has held that "where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." No such hearing having been afforded appellant in the state or federal courts to date, it is plain that appellant must now be given a plenary hearing. We express no opinion on the merits of the case. The judgment of the court below is reversed and remanded for a hearing as is now required by the Supreme Court.

Reversed and remanded.

RIVES, Circuit Judge (concurring in the result).

I concur in the result because of the sentence reading: "The denial of relief and reasons given were undeniably correct at the time the above order was entered." To me that sentence seems an unnecessary criticism of the Supreme Court decisions in Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770, and Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148. I feel very strongly that this Court should not lend itself to the current, almost hysterical, movement on the part of some members of the Bar to cast discredit upon opinions and decisions of the Supreme Court of the United States. I, therefore, concur in the result.

1. Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770. Cf. Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, relating to similar relief under 28 U.S.C.A.

§ 2255. And see generally "Whither: On Habeas Corpus" and cases therein discussed by John C. Tyson III, July 1963 issue of "The Alabama Lawyer."