323 F.2d 663
 UNITED STATES of America ex rel. Eugene SCOTT, Jr., Appellant,
v.
The Honorable James H. DAVIS, Governor of the State of
Lousiana, and Victor G. Wlaker, Warden of the
Lousiana State Penitentiary, Appellees.
 No. 20401.
 United States Court of Appeals Fifth Circuit.
 Oct. 3, 1963.
 
 Robert F. Collins, Nils R. Douglas, New Orleans, La., Michael Meltsner, New York City, for appellant.
 Robert S. Link, Jr., Asst. Atty. Gen. of Louisiana, New Orleans, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, M. E. Culligan, Asst. Atty. Gen. of Louisiana, for appellees.
 Before RIVES, CAMERON and HAYS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the denial of a petition for a writ of habeas corpus. Appellant alleged that his coviction was unconstitutionally obtained in that he was denied competent counsel; that there was a systematic exclusion of Negroes from the grand jury which returned the indictment and the petit jury which convicted him; that his confession was coerced, and that he was unable to reveive a fair trial because of the racial customs of Louisiana. No hearing was had below. The court refused relief because no denial of constitutional rights appeared on the face of the petition.
 
 
 2
 Inasmuch as a showing of denial of constitutional rights here depends on the averments of the petition, no denial thereof being made by appellees, Scott must be given a hearing so that the truth of what the petition avers may be tested. Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770, decided after the order appealed from was entered. See also McNutt v. Texas, 5 Cir., 1963, 323 F.2d 662.
 
 
 3
 Appellant's failure to seek review of the State court proceedings by writ of certiorari to the Suprme Court is, under the latest Supreme Court cases, no longer a bar to collateral relief. Fay v. Noia, 1963, 372 U.S. 391, 435-438, 83 S.Ct. 822, 9 L.Ed.2d 837.[1]
 
 
 4
 The judgment of the court below is reversed and the case remanded for a hearing on the petition for habeas corpus.
 
 
 5
 Reversed an remanded.
 
 
 
 *
 Of the Second Circuit, sitting by designation
 
 
 [1]
 Townsend v. Sain, supra; Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 .l.Ed.2d 811; Fay v. Noia, supra; Lane v. Brown, 1963, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed. 892; and United States v. Sanders, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, were all decided after the lower court's judgment was entered. Insofar as each may be applicable, appellant is now entitled to a trial in accordance with the principles set out therein