**COMMONWEALTH OF VIRGINIA,**
Appellee,

v.

**Fred WALLACE, Appellant.**

**No. 9462.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 11, 1965.

Decided Jan. 21, 1966.

Sobeloff and J. Spencer Bell, Circuit
Judges, dissented.

Anthony G. Amsterdam, Washington,
D. C., and George E. Allen, Sr., Richmond, Va. (S. W. Tucker and Henry L.
Marsh, III, Richmond, Va., on brief), for
appellant.

Frederick T. Gray, Special Counsel for
the Commonwealth of Virginia (Williams, Mullen & Christian, Richmond,
Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge,
and SOBELOFF, BOREMAN, BRYAN
and J. SPENCER BELL, Circuit Judges,
sitting en banc.

HAYNSWORTH, Chief Judge:

We agree with the District Judge
that this case, involving state charges of
assault, disorderly conduct and related
offenses, was not removable under the
provisions of 28 U.S.C.A. § 1443.

Wallace, a law school student, had accepted a summer clerkship with Messrs.
Tucker and Marsh of Richmond, Virginia. That firm had represented Negroes in a number of school and other
cases with racial significance. It sent
their clerk, Wallace, to Prince Edward
County in connection with their representation of some civil rights demonstrators who had been arrested there. In the
court house, he became involved in a fracas with two deputy sheriffs, out of
which the charges grew.

In the removal petition, Wallace alleges
that he was accosted because of his race
and that he only resisted an effort to interfere with his conduct of his lawful
business.

He claims to have been exercising
his constitutional rights in aid of the
constitutional rights of the clients of his
employer. He undertook removal under
both § 1443(1) and (2).

What we have said in Baines v.
City of Danville, 4 Cir., 357 F.2d 756, decided today, substantially disposes of this
case. Here, however, two contentions,
which we had no occasion to consider in
Baines, are advanced.

Because the Court in Barney v. City of
New York, 193 U.S. 430, 24 S.Ct. 502, 48
L.Ed. 737, attributed to Virginia v.
Rives, 100 U.S. 313, 25 L.Ed. 667, a very

restrictive concept of state action and because Barney's formulation was later rejected,[1] it is said that Virginia v. Rives and Com. of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, must also have been rejected. The obvious answer is that Rives is susceptible of no such reading. Discrimination in the selection of a jury, though unsanctioned by state law, is state action, and, because it is, a judgment tainted with such discrimination will be reversed on certiorari to the state court.[2] It is not removable in advance, however, because the basis of removal cannot then be demonstrated with that certainty contemplated by the Civil Rights Act of 1866 and its sponsors, as we have undertaken to show in our opinion in Baines.

Here, it is also contended that the jury commissioners in Prince Edward County limit the number of Negroes so that seldom, if ever, are there so many that all may not be removed by peremptory challenges. This, of course, is the same contention which the Rives-Powers line of cases has held insufficient to support removal. Here, however, it is said that discrimination by the commissioners has the sanction of Virginia's Supreme Court of Appeals. The opinion in Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368, is cited as that sanction.

We cannot construe that opinion as having any such meaning. Particularly when read in the light of the opinion in Bailey's first appeal [3] and of our opinion in Bailey's subsequent habeas corpus case,[4] it is apparent that Virginia's Supreme Court of Appeals follows the approved doctrine.[5]

Since the case was not removable under 28 U.S.C.A. § 1443, we affirm the remand order.

Affirmed.

SOBELOFF and J. SPENCER BELL, Circuit Judges (dissenting):

This case arises out of what could have been a commonplace visit to the Prince Edward County court house. Appellant Wallace was a young Negro student at Harvard Law School who during the summer months was assisting a firm of Negro lawyers serving as counsel for Negroes arrested in civil rights demonstrations. On the day in question appellant entered the court house intending to visit one of the firm's clients. He was intercepted by a deputy sheriff and other officers. After a scuffle Wallace was locked up. One of the officers sustained a bruised shin and a cut finger. Wallace was fined $25 for resisting arrest and he paid the fine.

This was only the beginning. The officers lodged seven additional charges, proliferated from this episode, one of which was assaulting the deputy sheriff. Wallace alleges that when the Commonwealth's Attorney discovered his association with a Negro civil rights law firm, this minor "assault" was raised to a charge of "malicious maiming," a felony carrying a permissible penalty of twenty years in the penitentiary, and incidentally a possible bar to admission to the practice of law.

The petition for removal alleges the local prejudice in Prince Edward County and the improbability of securing a fair trial, particularly for one associated with the movement to terminate racial discrimination. The tenor of his petition is that the prosecutions against him are a part of the community plan to frustrate the movement. This was to be achieved by suppressing persons willing to assist those arrested for protesting existing conditions and seeking equal civil rights. He cites, by way of illustration, the fact that lawyers in Prince Edward County

---

1. United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524.

2. See e. g. Bush v. Com. of Kentucky, 107 U.S. 110, 1 S.Ct. 625, 27 L.Ed. 354.

3. Bailey v. Commonwealth, 191 Va. 510, 62 S.E.2d 28.

4. Bailey v. Smyth, 4 Cir., 220 F.2d 954.

5. See also, Clark v. Commonwealth, 167 Va. 472, 189 S.E. 143.

and neighboring counties have consistently declined to participate in the defense of civil rights cases on the ground that local sentiment would prove harmful to any lawyer who did so.[1]

We think that the circumstances and the atmosphere represented in the petition for removal, if established, constitute a "denial and inability to enforce" the equal civil rights of both Wallace and the Negro defendants he was attempting to assist. He is within section 1443 for the reasons more fully discussed in our dissent in Baines v. City of Danville, 4 Cir., 357 F.2d 756.

Sobeloff and J. Spencer Bell, Circuit Judges, dissented.

1. The difficulty of securing legal representation in civil rights cases in Prince Edward County was highlighted by the award recently given to George E. Allen, Sr., of the Richmond Bar, who was prevailed upon to enter this case. The "Award for Courageous Advocacy" was given him by the College of American Trial Lawyers. American Bar Association News, vol. 10, No. 9 (September 15, 1965).