**Marvin Theodore SNYDER, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–59–R (Re).**

United States District Court
W. D. Virginia,
Roanoke Division.

July 28, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding involves a petition for a writ of habeas corpus filed *in forma pauperis* by Marvin Theodore Snyder, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving an eight year sentence following his conviction for second degree murder in the Circuit Court of Montgomery County on November 7, 1967.

Petitioner presented all the allegations which he seeks to raise here to the Virginia Supreme Court of Appeals on a direct appeal of his conviction. The judgment of the Circuit Court of Montgomery County was affirmed on April 24, 1968. Thereafter, petitioner filed a petition for habeas corpus in this court which was dismissed without prejudice for failure to exhaust state remedies. On Appeal to the Fourth Circuit Court of Appeals the decision was reversed. The court held that where a petitioner has presented his claim to the highest state court and received a decision on the merits, he has exhausted his state remedies. Therefore, petitioner is properly before the court in compliance with 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

An examination of the petition for a writ of habeas corpus which petitioner presented to the Supreme Court of Appeals of Virginia discloses that the same grounds were raised and considered there as are now before this court.

The five errors assigned are as follows:

1. The Trial Court erred in sustaining the objection of the Commonwealth to the defense attorney leading the Commonwealth's witnesses.

2. The Court erred in not allowing the Commonwealth witness on cross-examination to answer certain questions pertaining to the appearance and the emotions of the deceased while engaged in an argument and possibly a fight shortly before the deceased was killed, which the Court ruled was a conclusion.

3. That the Court erred in not sustaining the defendant's motion at the close of Commonwealth's evidence to strike the Commonwealth's evidence pertaining to first degree and second degree murder.

4. That the Court erred in not sustaining the defendant's motion to strike the Commonwealth's evidence after the close of all evidence as to murder in the first degree and murder in the second degree.

5. That the Court erred in its refusal to give instructions E1, J1, K1, K2 and K3, pertaining to self-defense and circumstantial evidence.

◼ After a careful review of petitioner's allegations and the facts supporting them and of the applicable law, this court finds that petitioner has raised no federally cognizable claim and therefore the petition must be dismissed.

◼ Petitioner must understand that a petition for habeas corpus was never intended to take the place of an appeal. A habeas corpus petition is not the recognized method of testing ordi-

nary procedural errors which are claimed to have arisen at the trial stage. Also, it is not the intention of Congress or of the Supreme Court to "subject the judicial acts of the highest state court to review by the lowest federal court in routine cases where no constitutional issues are involved." United States ex rel Smith v. Baldi, 96 F.Supp. 100, 103 (1951).

■ The state and federal judicial systems are separate entities. Both are responsible for protecting the rights of an accused. However, the federal courts are without jurisdiction to hear cases which fall squarely within the realm of state jurisdiction. Federal jurisdiction can only arise in this area where the state prisoner is detained in violation of the Constitution, laws or treaties of the United States. McCoy v. Tucker, 259 F.2d 714 (4th Cir. 1958).

■ In closing, this court adopts the language of the United States Supreme Court in Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 437, 97 L.Ed. 469 (1953) where it was said:

> Just as in all other litigation, a prima facie case must be made out by the petitioner. The application should be dismissed when it fails to state a federal question, or fails to set forth facts which, if accepted at face value, would entitle the applicant to relief.

For the reasons stated in this opinion, and upon a mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that the petition must be dismissed for failure to state a federally cognizable claim.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, dismissed.

The clerk of this court is directed to send a certified copy of this opinion and judgment to petitioner and to the respondent.