Alvin Junior **CHITTUM**, Petitioner,

v.

William K. **CUNNINGHAM, Jr.,**
and
**D. P. Edwards, Respondents.**
**Civ. A. No. 71-C-27-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.
April 8, 1971.

Gordon H. Shapiro, Roanoke, Va., for petitioner.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed by counsel on behalf of Alvin Junior Chittum, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241. Petitioner is presently serving three sentences totalling thirteen years in accordance with the judgments imposed by the Circuit Court for the County of Roanoke, Virginia on September 13, 1968 for the abduction of Donald Henry McBroom and the abduction and attempted rape of Lisa Dell Tench. In the trial of these charges, petitioner was represented by counsel, entered a plea of not guilty to all charges and was tried and convicted by a jury of the three charges on which he was sentenced. Petitioner, assisted by counsel, sought and perfected an appeal to the Virginia Supreme Court of Appeals which refused his writ of error and supersedeas. Since the Virginia Supreme Court of Appeals has considered the petitioner's present arguments on direct appeal and rejected them, the petitioner has effectively exhausted his state court remedies and is therefore properly before this court in seeking habeas corpus relief.

The petitioner alleges that his detention by the respondent is illegal in that he was convicted under a rule of law of the Commonwealth of Virginia which is allegedly violative of and repugnant to the Eighth and Fourteenth Amendments to the Constitution of the United States. The Constitutional infirmity which the petitioner alleges is that the prohibition on allowing the jury to consider voluntary drunkenness as a defense, to the extent that it precludes formation of the specific intent necessary to the completion of the offenses, violates not only evolving standards of decency, but also the due process and equal protection guarantees of the Constitution. Petitioner also alleges that the imposition of punishment under these circumstances would constitute cruel and unusual punishment.

■ The federal court unquestionably has the power to issue the writ of habeas corpus to one being illegally detained in violation of the Constitution by state authorities, 28 U.S.C. 2241(c) (3). However, there must first be an encroachment upon the petitioner's constitutional rights. The role of the federal courts in the review of state proceedings on habeas corpus is not unrestricted in its scope. They are without authority to retry issues falling within the jurisdiction of the states and they are not to pass upon the wisdom of a particular state statute or procedure by substituting their judgment. Only if it is made to appear that a state prisoner is detained in violation of the Constitution or laws or treaties of the United States can federal jurisdiction arise. McCoy v. Tucker, 259 F.2d 714 (4th Cir. 1958); Snyder v. Peyton, 303 F.Supp. 325 (W.D.Va. 1969).

■ In the present case, the petitioner is of the opinion that the Commonwealth of Virginia, by adhering to its established precedent of prohibiting a jury from considering voluntary intoxication as a defense to the formation of a specific intent, has transcended the petitioner's Constitutional safeguards. Although the trend may be away from the Virginia approach and it may well be that this approach is the minority view among the states today, there is still nothing which would compel the acceptance of the majority view upon all states as a Constitutional mandate. This court is not convinced that the mere absence of an instruction as to voluntary intoxication as a defense to the formation of a specific intent would render the petitioner's trial so fundamentally unfair to be violative of due process or that the service of sentence after such a trial would constitute cruel and unusual punishment. In addition, there is no allegation that

Virginia's rule of law is applied in an arbitrary or discriminatory fashion which would be violative of petitioner's right to equal protection of the law. Nowhere in a judicial opinion has it been held or even suggested that a defendant has the Constitutional right to an instruction concerning voluntary drunkenness as a defense.

In fact, there are cases involving prosecution of federal crimes where the alleged right to such an instruction has been expressly denied. In Schwab v. United States, 327 F.2d 11 (8th Cir. 1964), it was held that, where the issue was fairly presented to the jury by other instructions and the judge's comments as to intoxication, there was no merit to the defendant's demand of a specific instruction to the effect that the jury must acquit if the defendant were so intoxicated as to be incapable of forming a specific intent. Also, in United States ex rel. Rucker v. Myers, 311 F.2d 311 (3rd Cir. 1962) it was held that in a prosecution for a felony-murder, voluntary drunkenness was no defense at all under the circumstances of the case because the specific intent factor was not even at issue in a felony-murder. Thus, not only was the alleged right to a specific instruction done away with, but, in addition, even the consideration of the issue was withdrawn from the jury without offending Constitutional guarantees. This court through a fair reading of the Constitution can find no provision which would extend the alleged right to this specific instruction as a Constitutional mandate. This court is of the opinion that this area of the criminal law is not one which is subject to federal strictures, but is rather an area of state criminal administration in which a variety of choices is constitutionally permissible. Virginia's solution is but one such approach.

This court is of the opinion that the view stated in Howard v. Craven, 306 F. Supp. 730, is particularly appropriate to the present situation when the court stated at page 732,

> In a habeas corpus proceeding, a Federal Court will examine a state court's interpretation of its law or constitution only when it is clearly shown that such State judicial interpretations violate fundamental rights guaranteed by the Constitution of the United States.

The Supreme Court has spoken of this issue in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 437, 97 L.Ed. 469 and was quoted with approval by this Court in Snyder v. Peyton, 303 F.Supp. 325 when it stated at page 502, 73 S.Ct. at page 443,

> Just as in all other litigation, a prima facie case must be made out by the petitioner. The application should be dismissed when it fails to state a federal question, or fails to set forth facts which, if accepted at face value, would entitle the applicant to relief.

For the reasons discussed in this opinion, and upon mature consideration of the facts relied upon by the petitioner construed in their most favorable light, the court finds that the petition must be dismissed for failure to state a federally cognizable claim. The right to a favorable instruction regarding voluntary drunkenness as a defense negating the required specific intent simply does not come within the ambit of procedural safeguards guaranteed the accused by the United States Constitution.

Therefore it is hereby adjudged and ordered that the petition for habeas corpus relief be, and hereby is, dismissed.