Alvin Junior CHITTUM, Petitioner,

v.

William K. CUNNINGHAM, Jr., Director,
Division of Corrections

and

James F. Howard, Director, Field Correc-
tional Units, Respondents.

Civ. A. No. 71–C–71.

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 18, 1971.

Robert E. Shepherd, Jr., Asst. Atty.
Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the Court up-
on a petition for a writ of habeas cor-
pus filed *in forma pauperis* by Alvin

Junior Chittum, a state prisoner, pursuant to 28 U.S.C. Section 2241. The petition was filed with this Court on June 11, 1971.

Petitioner is currently serving sentences totalling thirteen years in the Virginia state prison system pursuant to judgment of the Circuit Court of Roanoke County, imposed on September 13, 1968, for two counts of kidnapping and one of attempted rape. At his trial petitioner, represented by counsel, entered pleas of not guilty to all charges and was tried and convicted by a jury, of the three charges on which he was sentenced.

Following the conviction and after denial of various post-trial motions, petitioner filed by counsel a notice of appeal and assignment of errors to the Virginia Supreme Court of Appeals which awarded his writs of error and supersedeas. After full consideration that Court on June 15, 1970, rejected petitioner's contentions and affirmed the convictions. Chittum v. Commonwealth, 211 Va. 12, 174 S.E.2d 779 (1970).

In his present petition, Mr. Chittum seeks relief upon several constitutional grounds: (1) the trial court failed to commit him for observation as to his mental condition; (2) he was prejudiced by much unfavorable pre-trial publicity; (3) he was denied the right of appeal from the decision of the Virginia Supreme Court of Appeals in Chittum v. Commonwealth, *supra*; (4) his counsel was ineffective in failing to offer an instruction on attempted assault; and (5) the trial court failed to instruct the jury that in accordance with the majority rule voluntary intoxication negated the element of specific intent.

■ Except for the appeal the only form of relief petitioner has sought is a previous petition for a writ of habeas corpus filed in this Court wherein he raised the last claim noted above. This Court determined in Chittum v. Cunningham, 326 F.Supp. 87 (W.D.Va.1971) that the requested instruction concerning voluntary intoxication was not constitution-ally compelled and we therefore dismissed the petition. Since we have already passed on the merits of that claim, the petition should be rejected insofar as it relies on the previously considered ground. 28 U.S.C. Section 2244. Its inclusion here is merely repetitious and improper.

None of the remaining claims have been presented to the state courts either in direct or in collateral proceedings. Of the errors assigned on appeal, the only one also alleged in this petition is the claim previously considered by this Court. We find therefore that Mr. Chittum has failed to comply with the provisions of 28 U.S.C. Section 2254 which requires that the petitioner's available state remedies must be pursued and exhausted before relief may be sought in the federal courts unless "[T]here is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." No facts are alleged nor appear on the face of the record which would excuse the requirement.

■■ Exhaustion requires that the claims must be presented once to the highest court in the state. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). State prisoners often prefer the federal courts to the extent of ignoring the concurrent jurisdiction of the state courts whose primary duty is to ensure the constitutionality of state processes. The District Court has the power to afford the relief requested, but power without more is insufficient. We must respect the orderly administration of the dual court system. It is "unseemingly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Darr v. Buford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950) quoted with approval in Fay v. Noia, 372 U.S. 391, at 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and in Ganger v. Peyton, 379 F.2d 709 at 710 (4th Cir. 1967).

After the issues have been properly presented to the highest state court to which resort may be had one who then petitions the federal court for relief "will be deemed to have fully complied with the exhaustion requirement, since further resort to state courts may fairly be considered futile after the state's highest court has passed on the issues presented." Thompson v. Peyton, 406 F.2d 473, 474 (4th Cir. 1968); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964). Issues which have never been presented to the state appellate court cannot be considered as having been "properly presented" on appeal.

In his petition, Mr. Chittum declares that every claim listed has been raised on appeal. Yet a review of the record indicates that four of the claims have not been presented to *any* court, trial or appellate, prior to the initiation of this proceeding. In fact the only indication of the denial of the right to appeal the decision of the Virginia Supreme Court of Appeals is a letter from petitioner's attorney to petitioner advising him that there were no legitimate grounds for such an appeal. In any case since these claims were not raised on appeal it is therefore necessary for the petitioner to resort to collateral proceedings. Where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, those remedies must be pursued before a federal court will consider the merits of a habeas corpus petition raising the same contentions. Darr v. Buford, *supra*; Fay v. Noia, *supra*; Thompson v. Peyton, *supra*; Ganger v. Peyton, *supra*.

For the foregoing reasons it is ordered that the petition for a writ of habeas corpus be dismissed, without prejudice, to the petitioner's refiling his claims after he exhausts his available state remedies.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* Court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from;

3. The court (United States Court of Appeals for the Fourth Circuit) to which this appeal is taken.