**In re State of NORTH CAROLINA, Plaintiff,**

v.

**Paul Anthony MITCHELL, Defendant.**

**No. 5:14–CR–156–D.**

United States District Court, E.D. North Carolina, Western Division.

Signed Sept. 9, 2014.

## ORDER

JAMES C. DEVER III, Chief Judge.

On July 25, 2014, Paul Anthony Mitchell ("Mitchell"), appearing pro se, filed a petition to remove a criminal action from the Wayne County Superior Court to this court [D.E. 1], and a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. As explained below, the court denies the petition to remove, remands the action to Wayne County Superior Court, and dismisses as moot the motion to proceed in forma pauperis.

Mitchell is a former instructor at Wayne Community College ("WCC"). He currently has a civil action pending in this court against the North Carolina Community College System and various WCC officials alleging race discrimination and retaliation under Title VII and numerous state law claims arising from his employment and termination at WCC. *See Mitchell v. Bd. of Tr. of Wayne Cmty. Coll.*, 5:14–CV–231–D (E.D.N.C.), Am. Compl. [D.E. 6].

As part of his dispute with WCC, Mitchell is upset with how he was suspended from his teaching position and ordered to leave the WCC campus on January 16, 2014. *See* Pet. for Removal [D.E. 1] ¶ 12. When Mitchell refused to leave the WCC campus, WCC campus police arrested Mitchell, and he was charged with second-degree trespassing. *See id.* ¶¶ 13–15. After Mitchell's arrest, a Wayne County magistrate issued a protective order directing Mitchell to remain off the WCC campus unless authorized by a higher court, the WCC administration, or escorted by WCC campus police. *See id.* ¶ 15.

Mitchell contends that the protective order is unlawful, racially discriminatory, and retaliatory. *See id.* ¶ 16. On February 3, 2014, Mitchell returned to the WCC campus. WCC campus police confronted him and threatened to arrest him for trespassing if he returned to campus. *Id.* ¶ 16.

On May 2, 2014, the Wayne County District Court found Mitchell guilty of second-degree trespassing and refused to dismiss the protective order against him. *See* [D.E. 1–1]. On May 5, 2014, Mitchell appealed to Wayne County Superior Court for a trial de novo. *Id.* On June 5, 2014, Mitchell made his initial appearance in Wayne County Superior Court. Pet. for Removal ¶ 18. Mitchell also sought a change of venue. *Id.*

On July 25, 2014, Mitchell filed a notice of removal to federal court concerning the criminal action in Wayne County Superior Court. Mitchell relies on 28 U.S.C. § 1443(1), which provides that a civil action or criminal prosecution commenced in a state court "may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending" if the civil action or criminal prosecution is "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); Pet. for Removal ¶ 21.

Mitchell's petition alleges that his rights "under §§ 201(a) and 203(c) of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a(a) and 2000a–2c" have been violated due to his race. Pet. for Removal ¶ 22. Essentially, Mitchell alleges that the WCC campus is place of public accommodation and that he cannot be denied access to the WCC campus due to his race. *Id.* Mitchell also alleges that WCC influenced the magistrate to issue a protective order because Mitchell is black and that "the State" has conspired against him due to his Title VII complaint. *See id.* ¶¶ 24–27. Furthermore, Mitchell alleges that WCC's attor-

ney has influenced the North Carolina Judiciary to such a degree that Mitchell's civil rights will not be protected in Mitchell's state-court criminal action. *See id.* ¶¶ 28–29; [D.E. 1–2] ¶¶ 41–50. Finally, Mitchell alleges that the court should grant the petition for removal in order to reverse the state-court protective order and because having to defend himself in the state-court criminal action will deny his rights under the Civil Rights Act of 1964. *See* Pet. for Removal ¶¶ 30–31.

Under 28 U.S.C. § 1443(1), a defendant subject to a criminal prosecution in state court may remove the action to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal under section 1443(1) is limited to the rare situations in which a defendant cannot enforce the right to racial equality in state courts. *See, e.g., Johnson v. Mississippi,* 421 U.S. 213, 219–24, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975); *City of Greenwood v. Peacock,* 384 U.S. 808, 831–35, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Georgia v. Rachel,* 384 U.S. 780, 788, 800–04, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Frinks v. North Carolina,* 468 F.2d 639, 641–43 (4th Cir.1972); *South Carolina v. Moore,* 447 F.2d 1067, 1070–72 (4th Cir. 1971); *North Carolina v. Grant,* 452 F.2d 780, 782 (4th Cir.1972) (per curiam); *Virginia v. Jones,* 367 F.2d 154, 155 (4th Cir.1966) (per curiam); *Virginia v. Wallace,* 357 F.2d 105, 105–06 (4th Cir.1966) (en banc). Mitchell has failed to plausibly allege the circumstances required for removal under section 1443(1). *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Specifically, Mitchell has failed to plausibly allege that he has been denied or cannot enforce the right to racial equality in the North Carolina state courts. *See, e.g., Johnson,* 421 U.S. at 219–24, 95 S.Ct. 1591; *City of Greenwood,* 384 U.S. at 831–35, 86 S.Ct. 1800; *Frinks,* 468 F.2d at 641–43. Accordingly, Mitchell's petition for removal is denied, and the action is remanded to Wayne County Superior Court.

In sum, Mitchell's petition for removal [D.E. 1] is DENIED, the action is REMANDED to Wayne County Superior Court, and Mitchell's motion to proceed in forma pauperis [D.E. 2] is DISMISSED as moot.